UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RYAN LISOWSKI,

Plaintiff,

v.

ABBOTT LABORATORIES,

Defendant.

______________________________________/

Case No. 1:26-cv-1616

Hon. Hala Y. Jarbou

**OPINION**

Plaintiff Ryan Lisowski brings this action against his former employer, Defendant Abbott Laboratories. Lisowski claims that Abbott suspended and terminated him for discriminatory and retaliatory reasons, in violation of Title VII of the Civil Rights Act of 1964 and state law. Before the Court is Abbott's motion to transfer the case to the Northern District of Illinois under 28 U.S.C. § 1404(a). (Mot. to Transfer, ECF No. 8.)

Abbott contends that transfer is warranted because Lisowski signed an employment agreement selecting the Northern District of Illinois as the exclusive forum for this type of dispute:

> The parties agree to the exclusive jurisdiction of the state and federal courts in Illinois, in any action or proceeding arising out of or relating to this Agreement or the transactions contemplated hereby, and further irrevocably agree that all claims in any such action or proceeding shall be heard and determined in Lake County, Illinois state court or the Northern District of Illinois federal court. Both parties waive any objection to the laying of venue of any such action or proceeding in any of the Lake County, Illinois state courts or Northern District of Illinois federal courts, as well as any claim that a party may have that any such action or proceeding has been brought in an inconvenient forum.

(Employment Agreement ¶ 16(a), ECF No. 8-1.)

## I. STANDARD

28 U.S.C. § 1404(a) permits the Court to transfer the action to another district "where it might have been brought," "[f]or the convenience of the parties and witnesses" and "in the interest of justice." *Id.* This provision is a "codification of the doctrine of *forum non conveniens*," and is the proper "mechanism for enforcement of forum-selection clauses that point to a particular federal district." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013).

"In the typical case not involving a forum-selection clause," the Court considers "both the convenience of the parties and various public-interest considerations." *Id.* at 62. But the "calculus changes" when the parties have agreed upon a "valid forum-selection clause" because that clause "'represents the parties' agreement as to the most proper forum.'" *Id.* at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988)). In such circumstances, "the plaintiff's choice of forum merits no weight." *Id.* And the Court "should not consider arguments about the parties' private interests." *Id.* at 64. Instead, the Court "may consider arguments about public-interest factors only." *Id.* "The onus falls on the plaintiff to show that the public-interest factors defeat [transfer], and they rarely will." *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021); *see Atl. Marine*, 487 U.S. at 64 ("Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases.").

The Court first asks "whether the forum-selection clause is applicable, mandatory, valid, and enforceable." *Lakeside Surfaces*, 16 F.4th at 216. "An answer of 'yes' to all those questions means . . . the plaintiff bears the burden of showing that the public interest factors weigh heavily against [transfer]." *Id.*

*Applicable.* State law generally governs the interpretation and applicability of forum-selection clauses. *See Firexo, Inc. v. Firexo Grp. Ltd.*, 99 F.4th 304, 327 (6th Cir. 2024). Here, the employment agreement contains a choice-of-law provision selecting Illinois law as the

appropriate law by which to interpret the agreement. (Employment Agreement ¶ 15.) But the choice does not matter. Applying either Illinois or Michigan law leads to the same result. Both jurisdictions interpret contracts according to their plain meaning. *See Buenz v. Frontline Transp. Co.*, 882 N.E.2d 525, 529 (Ill. 2008); *DeFrain v. State Farm Mut. Auto. Ins. Co.*, 817 N.W.2d 504, 509 (Mich. 2012).

The forum-selection clause here is applicable to this case because Plaintiff's claims concern his employment, and the clause covers all actions "arising out of or relating to [the employment agreement] or the transactions contemplated hereby." Applying the plain meaning of this provision, Plaintiff's discrimination claims relate to "the transactions contemplated by" the employment agreement because they concern the parties' conduct in connection with Plaintiff's employment. The transactions contemplated by the employment agreement encompass Plaintiff's workplace conduct and Abbott's decisions to suspend and terminate him. *See Firexo*, 99 F.4th at 307 (describing "relating to" as falling under a "broader category" than terms such as "arise out of"); *see also Campbell v. St. Jude's Med. S.C., Inc.*, No. 16-12706, 2017 WL 11849480, at *5–6 (E.D. Mich. Mar. 29, 2017) (concluding that a forum-selection clause in an employment agreement encompassing claims "relating to this Agreement" applied to the employee's discrimination claims, and noting that "courts generally hold that what constitutes an incident 'relating to' an agreement must be construed broadly").

*Mandatory*. The forum-selection clause is mandatory because it specifies that all claims shall be heard in Illinois state court or the Northern District of Illinois federal court.

*Enforceable*. In order to "defeat the strong presumption in favor of enforceability," Lisowski must establish one of the following:

> (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the suit; (3) the designated

> forum would be so seriously inconvenient that requiring the plaintiff to bring suit there would be unjust; or (4) enforcing the forum selection clause would contravene a strong public policy of the forum state.

*Lakeside Surfaces*, 16 F.4th at 219–20.

Lisowski makes no argument that the forum-selection clause was obtained by fraud, duress, or other unconscionable means. Nor does he argue that an Illinois court would ineffectively or unfairly handle the lawsuit, or that litigating in Illinois would be so seriously inconvenient as to be unjust. Indeed, the Northern District of Illinois is almost adjacent to the Western District of Michigan. It is not unjust for Lisowski to litigate in that forum. Finally, Lisowski does not argue that enforcing the forum-selection clause would contravene a strong public policy of Michigan.

Instead, Lisowski argues that the forum-selection clause is unenforceable because it improperly limits the forums in which an individual can bring a Title VII claim. Title VII's venue provision provides as follows:

> Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3). In other words, it allows claimants to bring suit in one of several places, including the state where the unlawful employment action occurred. Here, Lisowski alleges that he was employed in Michigan and that Abbott unlawfully discriminated and retaliated against him in Michigan. But the forum-selection clause precludes him from bringing suit here. It requires Lisowski to bring his claims in Illinois, which is where Abbott has its principal office.

"Courts that have considered the question of whether [Title VII's] venue provision renders forum-selection clauses unenforceable in ADA and Title VII actions have reached divergent conclusions." *Campinell v. Abbott Lab'ys, Inc.*, No. 2:25-cv-72, 2026 WL 323157, at *6 (D. Me. Feb. 6, 2026). A few courts, relying principally on *Boyd v. Grand Trunk Western Railroad Co.*, 338 U.S. 263 (1949), have held that a contract cannot waive a party's right to bring suit in the venues provided by Title VII. *See, e.g.*, *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 960 (M.D. Tenn. 2008); *Thomas v. Rehab. Servs. of Columbus, Inc.*, 45 F. Supp. 2d 1375, 1381 (M.D. Ga. 1999).

In *Boyd*, the plaintiff brought an action under the Federal Employers' Liability Act (FELA), which contains a venue provision providing that suit "may be brought in a district court of the United States, in the district of the residence of the defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." *Boyd*, U.S. at 264 (quoting 45 U.S.C. § 56). The FELA also provides that any contract, "the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this chapter, shall to that extent be void." 45 U.S.C. § 55. Applying these provisions, the Supreme Court determined that a contractual forum-selection clause that limited the plaintiff's choice of forum for bringing an FELA claim was invalid because it limited a "substantial right" provided by the FELA, i.e., the "right to select the forum." *Boyd*, 338 U.S. at 266.

More recently, the Sixth Circuit held that a contract cannot reduce the limitations period for bringing a Title VII claim because Title VII contains its own statute of limitations, *Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 829 (6th Cir. 2019), and as a general matter, a substantive statutory right "granted in the public interest to effectuate public policy" cannot be prospectively released or waived when doing so would thwart that policy, *Brooklyn Sav. Bank v.*

*O'Neil*, 324 U.S. 697, 704 (1954). Because Title VII's limitations period "is a substantive, rather than procedural, rule" that supports Title VII's objective in promoting "uniform national" policies for achieving equal employment opportunities, it cannot be limited by contract. *Logan*, 939 F.3d at 829, 832.

Drawing upon *Boyd* and *Logan*, Lisowski argues that Title VII's venue provision creates a substantive right that cannot be prospectively waived or limited through a forum-selection clause. The Court disagrees, for several reasons.

First, *Logan* is distinguishable because that case involved a statute of limitations. *Logan* does not provide any guidance on whether a venue provision like the one in Title VII creates a substantive right. *Logan* relied on earlier precedent treating statutes of limitations "as part of the substantive law of the cause of action." *See Logan*, 939 F.3d at 829 (quoting *Myers v. Alvey-Ferguson Co.*, 331 F.2d 223, 224 (6th Cir. 1964)). There is no similar precedent for a venue provision like the one in Title VII, other than *Boyd*.

However, *Boyd* is distinguishable because the FELA contains a specific prohibition on contracts whose "purpose or intent" is to allow common carriers to evade liability. Title VII does not contain such a prohibition. *See In re Mathias*, 867 F.3d 727, 733 (7th Cir. 2017) (distinguishing *Boyd* when interpreting the venue provision in the Employee Retirement Income Security Act (ERISA) because, unlike the FELA, ERISA's text contains nothing that "precludes the parties from channeling litigation to a particular federal district"). Moreover, "*Boyd* is a bit of a relic . . . . *Boyd* was decided in an era of marked judicial suspicion of contractual forum selection. The Court has since adopted 'a more hospitable attitude toward forum-selection clauses.'" *Id.* (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10 (1972)). Under *Atlantic Marine*, "a contractual

choice of forum is now considered controlling 'except in unusual cases.'" *Id.* (quoting *Atlantic Marine*, 571 U.S. at 64).

Notably, the district court cases extending *Boyd*'s rationale to Title VII's venue provision were decided before *Atlantic Marine*. In contrast, after *Atlantic Marine*, courts have generally enforced forum-selection clauses in Title VII cases. *See, e.g.*, *DeBello v. VolumeCocomo Apparel, Inc.*, 720 F. App'x 37, 41 (2d Cir. 2017); *Haywood v. ComTec Info. Sys.*, No. 25 CV 7883, 2025 WL 2930752, at *4 (N.D. Ill. Oct. 15, 2025); *Kessler v. Direct Consulting Assocs.*, No. 17-11943, 2018 WL 7890862, at *5–9 (E.D. Mich. July 6, 2018); *see also Campbell*, 2017 WL 11849480, at *5 (citing cases); *Martinez v. Bloomberg LP*, 740 F.3d 211, 228–30 (2d Cir. 2014) (enforcing a forum-selection clause in a case brought under the Americans with Disabilities Act (ADA), a statute that incorporates Title VII's venue provision); *Campinell*, 2026 WL 323157, at *7 (same). Because *Boyd* discussed the FELA and did not account for *Atlantic Marine*, Lisowski's reliance on *Boyd* and the cases citing it is not persuasive.

In addition, as other courts have noted, the Sixth Circuit has enforced a forum-selection clause in an action brought under ERISA, and that statute contains a venue provision similar to the one in Title VII because it permits a plaintiff to bring suit in one of several venues. *See Smith v. Aegon Cos. Pension Plan*, 769 F.3d 922, 932 (6th Cir. 2014). The rationale of that case is instructive. Among other things, the Sixth Circuit noted that it had previously enforced mandatory arbitration clauses in ERISA cases, and that such clauses "are, 'in effect, a specialized kind of forum-selection clause.'" *Id.* (quoting *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974)). Indeed, "an arbitration clause may prescribe the geographic location of the proceedings as well as the forum." *Id.* "It is illogical to say that, under ERISA, a plan may preclude venue in federal court entirely, but a plan may not channel venue to one particular federal court." *Id.*; *see also*

*Firexo*, 99 F.4th at 321–22 (applying arbitration clause principles to the enforceability of a forum-selection clause). Also, the court was unpersuaded that a forum-selection clause conflicted with ERISA's venue provision because the court had previously recognized that "forum selection clauses do not waive substantive rights." *Aegon*, 769 F.3d at 933 n.9.

The same reasoning applies here because the Sixth Circuit has previously enforced mandatory arbitration clauses in Title VII cases as well. *See Memmer v. United Wholesale Mortg., LLC*, 135 F.4th 398, 406 (6th Cir. 2025) ("We and the Michigan courts have previously recognized that . . . statutory claims [under Title VII and the ADA] can be sent to arbitration."). It would be odd to conclude that a contract can require an employee to arbitrate a Title VII claim outside of federal court, but it cannot require an employee to litigate such a claim in a particular federal court. Accordingly, the Court agrees with other courts that have concluded that Title VII does not render forum-selection clauses unenforceable.

*Valid*. Abbott has provided a copy of the employment agreement and evidence that Lisowski signed it. (*See* Kehr Decl. ¶ 9, ECF No. 8-4 (verifying Lisowski's electronic acknowledgement of the employment agreement).) Thus, the agreement appears to be valid. Lisowski makes no argument to the contrary.

*Public-Interest Factors*. Finally, the Court considers public-interest factors. Those factors include:

> administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

*Lakeside Surfaces*, 16 F.4th at 215 n.2 (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 500 (6th Cir. 2016)). Lisowski offers no argument about any of these factors. Accordingly,

he has not shown that they weigh heavily against transfer. Lisowski argues that it will be inconvenient for the parties to litigate the case in Illinois because the witnesses and evidence are located in Michigan, but those arguments relate to private interests, which the Court cannot consider.

## II. CONCLUSION

In summary, Lisowski signed an agreement containing a mandatory, valid, and enforceable forum-selection clause that requires him to litigate his claims in the Northern District of Illinois. He has not given the Court sufficient reason to deny Abbott's request to enforce that clause and transfer the case. Accordingly, the Court will grant Abbott's motion and transfer the case to the Northern District of Illinois.

An order will enter that is consistent with this Opinion.

Dated: October 16, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE